USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: OCT 17 2011

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mrs Yolanda Berbick
Mr Clive Berbick

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

John Doe, police officer
Jane Doe, police officer
John Doe, police officer
John Doe, police officer

**AMENDED COMPLAINT**
under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☒ Yes   ☐ No
(check one)

11 Civ. 5292 (LAP)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's   Name  Mrs Yolanda Berbick Mr Clive Berbick
ID#
Current Institution
Address  P.O Box 708
         Mount Vernon Ny 10551

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name  John Doe                    Shield # Vehicle #3806
                  Where Currently Employed  42 Precinct
                  Address  830 Washington Ave
                           Bronx Ny 10452

*Rev. 01/2010*                                 1

| | | | |
|---|---|---|---|
| Defendant No. 2 | Name _John Doe_____ | Shield #_____ |
| | Where Currently Employed _42 precinct_____ |
| | Address _830 Washington Ave,_____ |
| | _Bronx NY 10452_____ |
| Defendant No. 3 | Name _John Doe_____ | Shield #_____ |
| | Where Currently Employed _42 precinct_____ |
| | Address _830 Washington Ave_____ |
| | _Bronx NY 10452_____ |

<div style="float:left">Who did what?</div>

| | | | |
|---|---|---|---|
| Defendant No. 4 | Name _John doe_____ | Shield #_____ |
| | Where Currently Employed _42 precinct_____ |
| | Address _830 Washington Ave_____ |
| | _Bronx NY 10452_____ |
| Defendant No. 5 | Name _____ | Shield #_____ |
| | Where Currently Employed _____ |
| | Address _____ |

II.   **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.   Where in the institution did the events giving rise to your claim(s) occur?

_____

_____

C.   What date and approximate time did the events giving rise to your claim(s) occur?

_March 4, 2011, early afternoon._____

_____

D.   Facts:   _See Attached_____

<div style="float:left">What happened to you?</div>

_____

_____

_____

*Rev. 01/2010*                                              2

## I  Statement (Claim Letter)

### The Fact

On March 4, 2011 I Clive Berbick was not feeling too good. So me and my wife went outside to check on our van, that where we keep food that we get from the pantry, because we are Homeless. And the shelter that we stay at is a Non-cooking facility. But our van was missing, when we got to it. My wife call 911 to explain the situation about the van. But she also told the operator that I wasn't feeling too good, and I didn't need a ambulance. So two police officer cars came on the call, also a third police officer with a three wheeler car came. Four police officer was Involve, one spanish male cop, A black female cop, A black male cop, And a white male cop. The way there vehicle was position was position it was very hard to get all the license plate Number. If the police station let me and my wife see all of the police faces, we are able to Identify them. The white police officer was the same cop that came out on Nov 4, 2010, when our suitcase was stolen from our van. After the suitcase was stolen, we notice notice grafiti writing was on the van, few day after, there was writing on the van, saying you never No, And Statement like the mob. If the court need further Information they could contact Pride at 1-800-priac-pd. That where we made all of our complaints. The police officer came on the seen ask me if I need a ambulance? I said No, And He keep asking me the same question?

do you need an ambulance. So a Ambulance came. and the EMT ask me would I Like my blood pressure to be Taking? I said yes. But as soon as I said yes a male officer and a female officer Tell me to Raise my hand, And they started Frisking me. Has I got inside of the Ambulance the EMT worker start asking me Question. And then he Took my blood pressure and it was O.K. But he didn't want me to Leave the ambulance. At that moment the police officer was Around the ambulance, so that me and my wife could not get out of the Ambulance. They Follow the ambulance to the hospital. When we got to Saint Barnabas Hospital, they Took me Inside in a wheel chair, To the psychiatric Unit. A Nurse start asking me Various of Question. I Told her that I don't need to be Inside the psychiatric unit. The police officer from 42 precinct Made a Fraudulant claim To 911 that I need psychiatric. At the Time my wife was 36 week pregnant, And we didn't have food to eat, because they took our Van with everything Inside, with all our Clothes and underwear, And the clothes for the unborn baby. I was Release From the hospital the same Night the police officer Made a Fraudulant claim. That wrong. The police station Need to be Investigated, And get Rid of those crooked police officer.

Clive Berbick

Mrs. Yolanda Berbick
Mrs. Yolanda Berbick

Case 1:11-cv-05292-RJS-KNF    Document 5    Filed 10/17/11    Page 5 of 14

| Was anyone else involved? | |

| Who else saw what happened? | |

III. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

IV. **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No ✓

*Rev. 01/2010*                              3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No ____   Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ____   Do Not Know ____

If YES, which claim(s)?
_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

    1. Which claim(s) in this complaint did you grieve?
_____
_____

    2. What was the result, if any?
_____
_____

    3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____

F. If you did not file a grievance:

    1. If there are any reasons why you did not file a grievance, state them here:
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). *We are asking for justice and would like to sue for twenty five million dollars.*

_____
_____
_____

VI.  **Previous lawsuits:**

|On these claims|

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____   No ✓

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

  1.  Parties to the previous lawsuit:

  Plaintiff _____
  Defendants _____

  2. Court (if federal court, name the district; if state court, name the county) _____
  _____

  _____3.  Docket or Index number _____
  _____4.  Name of Judge assigned to your case_____
  5.  Approximate date of filing lawsuit _____
  6.  Is the case still pending? Yes ____ No ____
      If NO, give the approximate date of disposition_____
  7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
  _____
  _____

|On other claims|

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____   No ✓

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

  1.  Parties to the previous lawsuit:

  Plaintiff _____
  Defendants _____

  2.  Court (if federal court, name the district; if state court, name the county) _____
  _____

  _____3.  Docket or Index number _____
  _____4.  Name of Judge assigned to your case_____
  5.  Approximate date of filing lawsuit _____

*Rev. 01/2010*                              6

6. Is the case still pending? Yes _____ No _____
   If NO, give the approximate date of disposition_____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
   _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**
Signed this _17_ day of __October__, 20_11_.

Signature of Plaintiff  _Mrs. Yolanda Barker_ (signature)

Inmate Number  _____

Institution Address  _P.O. Box 708_
_Mount Vernon NY. 10551_

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff  _Mrs. Yolanda Barker_ (signature)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 4
DATE FILED: 9/21/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MRS. YOLANDA BERBICK;
MR. CLIVE BERBICK,

                    Plaintiffs,

    -against-

PRECINCT 42,

                    Defendant.
-----------------------------------------------------------X

ORDER TO AMEND

11 Civ. 5292 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiffs Yolanda and Clive Berbick, appearing *pro se*, bring this action under 42 U.S.C. § 1983 seeking damages. Plaintiffs allege that on March 4, 2011, without justification, police officers from the 42nd precinct caused Clive Berbick to be taken to a psychiatric unit. See Compl. at 3. They also allege that their "van was taken." Id. at 3. The Court grants Plaintiffs' requests to proceed *in forma pauperis* but directs Plaintiff Clive Berbick to submit an Amended Complaint within sixty (60) days of the date of this Order as detailed below.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

ORDER MAILED BY PRO SE OFFICE ON 9/22/11

## BACKGROUND

On March 4, 2011, Yolanda and Clive Berbick were on East 166th Street in Bronx, New York. Compl. at 3. Their van was taken, id., though it is not clear when or by whom. Officers from the 42nd precinct frisked Clive even though he was ill. See id. These officers also "wrote up with [an] EMS worker" a report that caused Clive to be taken to a psychiatric unit, even though this was unnecessary. See id. The Berbicks allege that officers from the 42nd precinct may be working with officers from the 28th precinct who falsely arrested them on April 23, 2010; those claims are the subject of two additional lawsuits. See Berbick v. City of New York, No. 11 Civ. 5295; Berbick v. City of New York, No. 11 Civ. 5298.

## DISCUSSION

A.   Claims Against 42nd Precinct

Plaintiffs cannot pursue an action against the police precinct. An entity's capacity to be sued is determined by state law. See Fed. R. Civ. P. 17(b). The New York City Charter provides, at Chapter 17, section 396, that "all actions and proceedings for the recover of penalties for violation of any law shall be brought in the name of the city of New York and not that of any agency except where otherwise provided by law." As an agency of the City of New York, the precinct is therefore not subject to suit. See Wims v. New York City Police Dep't 52nd Precinct, No. 10 Civ. 6128, 2011 WL 2946369, at *6 (S.D.N.Y. July 20, 2011) (dismissing claims against 52nd precinct); Donaldson v. Nassau County Police Dept. 3rd Precinct, No. 10 Civ. 1690, 2010 WL 2976520, at *2 (E.D.N.Y. 2010) (dismissing claims against Nassau County Police Department 3rd precinct because "departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality"); Elhindi v. Augello, No. 09 Civ. 1365, 2009 WL 1024611, at *1 (E.D.N.Y. 2009) (dismissing claims against 68th precinct); Russell v. Eighty Fourth Precinct, No. 03 Civ. 6179, 2004 WL 2504646, at *4 (E.D.N.Y. Nov. 8, 2004) (dismissing claims against 84th precinct). Plaintiffs' claims against the 42nd precinct, the only Defendant in this action, are therefore dismissed for failure to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of the fact that Plaintiffs are proceeding *pro se*, the Court grants Clive Berbick leave to amend insofar as he seeks to assert a claim that on March 4, 2011, he was detained without probable cause and taken to a psychiatric unit.[1] Clive Berbick fails to include sufficient facts to allow the Court to determine what actually occurred, such as who detained him, why he was detained, whether he was involuntarily committed or how long he was held. See, e.g., Anthony v. City of New York, 339 F.3d 129, 142 (2d Cir. 2003) (States are forbidden from involuntarily hospitalizing an individual unless he is a danger either to himself or to others); Katzman v. Khan, 67 F. Supp.2d 103 (S.D.N.Y. 1999) (discussing due process requirements for emergency involuntary commitment).

B.   Leave to Amend

Plaintiff Clive Berbick is granted leave to amend his Complaint to detail his claims regarding being involuntarily detained and transported to the psychiatric unit. First, Plaintiff must name as the defendant(s), in both the caption on the first page and in the statement of claim, those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the Amended Complaint.[2] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending

---

[1] As presently pled, it is not clear that Yolanda Berbick is asserting any claim for which she has suffered an injury and has standing to sue. To the extent that the Berbicks' van may have been taken by the City of New York, Compl. at 3, meaningful post-deprivation remedies are available under state law. See N.Y.C.P.L.R. §§ 7801-7804 ("Article 78" proceeding in New York courts); Schaer v. City of New York, No. 09 Civ. 7441, 2011 WL 1239836, at *7-9 (S.D.N.Y. Mar. 25, 2011) (description of pre-deprivation and post-deprivation remedies for City vehicle seizures, including an Article 78 proceeding); Rackley v. City of New York, 186 F. Supp.2d 466, 482 (S.D.N.Y. 2002) (same). The Court therefore does not understand Plaintiffs to be asserting any procedural due process claim with respect to their van. See Hudson v. Palmer, 468 U.S. 517, 533 (1986) (where meaningful post-deprivation remedy is available, an intentional deprivation pursuant to established procedures does not violate due process).

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

his Complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

In the statement of claim, Plaintiff must provide a short plain statement of the relevant facts supporting each claim against each defendant named in the Amended Complaint. To the greatest extent possible, Plaintiff's Amended Complaint must:

    (a) give the names and titles of all relevant persons;

    (b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    (c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    (d) give the location where each relevant event occurred;

    (e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    (f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's Amended Complaint must tell the Court: <u>who</u> violated his federally protected rights; <u>what</u> facts show that his federally protected rights were violated; <u>when</u> such violation(s) occurred; <u>where</u> such violation(s) occurred; and <u>why</u> Plaintiff is entitled to relief. Plaintiff's Amended Complaint will completely replace, not supplement, the original Complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket. Plaintiff Clive Berbick is directed to file an Amended Complaint containing the information specified above. The Amended Complaint must be submitted to this Court's *Pro Se* Office within sixty (60) days of the date of this Order, be captioned as an "**AMENDED COMPLAINT**," and bear the same docket number as this Order. An Amended Civil Rights Complaint form, which Plaintiff should complete as specified above, is attached to this Order. No summons will issue at this time. Once submitted, the Amended Complaint will be reviewed for substantive sufficiency, and then, if proper, the case will

be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If the case is reassigned, a copy of this Order will be served with the Summons and Amended Complaint. If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Complaint will be dismissed for failure to state a claim on which relief can be granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

to relief.

SO ORDERED:

/s/ Loretta A. Preska
LORETTA A. PRESKA
Chief United States District Judge

Dated: 9/21/11
New York, New York