UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
YOLANDA BERBICK and CLIVE BERBICK,                    :
                                                      :
                    Plaintiffs,                       :
                                                      :
                    -against-                         :           **MEMORANDUM AND ORDER**
                                                      :
POLICE OFFICER LIEUTENANT IVAN GONZALEZ               :           11 Civ. 5292 (RJS)(KNF)
TAX # 901620, POLICE OFFICER CARL HALL                :
TAX# 34985, POLICE OFFICER JASON BRAG                 :
TAX # 938105, POLICE OFFICER LISEPPE                  :
JORDAN TAX # 926198,                                  :
                                                      :
                    Defendants.                       :
                                                      :
--------------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On January 10, 2013, the Court received letters from plaintiff Clive Berbick ("C. Berbick"), and plaintiff

Yolanda Berbick ("Y. Berbick"), each of whom is proceeding pro se.  In C. Berbick's letter, he contends that he

visited the office of counsel to the defendants to review the transcript of his deposition, and when he did so, he

discovered that many corrections needed to be made.  According to C. Berbick, "the stenographer type [sic] up a

fraudulent document for the deposition."  To rectify the situation, C. Berbick requests an order directing that his

deposition be conducted anew, and he requests that the Court attend his deposition.  In her letter, Y. Berbick

alleges her deposition was not fair, and requests that it be conducted anew, with the Court in attendance.  On

January 22, 2013, counsel to the defendants submitted a letter to the Court indicating that he presented the

plaintiffs with the transcripts of their respective depositions, along with errata sheets for any changes they wished

to make; however, each "refused to review and/or sign the [relevant] deposition transcript."

Federal Rule of Civil Procedure 30 provides, in pertinent part, that:

> [o]n request by the deponent or a party before the deposition is completed, the deponent must be
> allowed 30 days after being notified by the officer that the transcript or recording is available in
> which: (A) to review the transcript or recording; and (B) if there are changes in form or substance,
> to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1).

"The language of [Federal Rule of Civil Procedure 30(e)(1)] places no limitations on the type of changes that

may be made, nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the

reasons for the changes—even if those reasons are unconvincing."  Podell v. Citicorp Diners Club, Inc., 112

F.3d 98, 103 (2d Cir. 1997) (internal quotation marks, punctuation and citation omitted).  However, "when a

party amends his testimony under [Federal] Rule [of Civil Procedure] 30(e), the original answer to the

deposition questions will remain part of the record and can be read at the trial." Id. (internal quotation marks and citations omitted).

The plaintiffs have not used Rule 30(e) to make changes in form or substance to their respective deposition transcripts, as they should have, based on their contentions that the transcripts do not reflect accurately what was conveyed by them when testifying at their depositions. Owing to their status as pro se litigants, the Court has determined to enlarge the time for the plaintiffs to make changes in form or substance to their deposition transcripts. Therefore:

> (1) on or before February 8, 2013, the plaintiffs shall retrieve a copy of their respective deposition transcripts from counsel to the defendants;

> (2) each plaintiff shall review his or her transcript;

> (3) on or before, March 11, 2013, each plaintiff shall provide defendants' counsel a signed statement, listing any changes in form or substance to his or her deposition transcript and the reasons for making them; and

> (4) the time for dispositive motion practice or for submitting a joint pretrial order, as reflected in paragraphs four through seven of the Court's October 24, 2012 order is enlarged 60 days.

The plaintiffs' requests that their respective depositions be conducted anew, under the Court's supervision, is denied.

Dated:   New York, New York
      January 30, 2013

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Yolanda Berbick
Clive Berbick